STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOE WHITMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0163** (BOR Appeal No. 2051505)
                        (Claim No. 2016011583)

**VFP FIRE SYSTEMS INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Under West Virginia Code § 23-4-1(a) (2008) a person seeking workers' compensation must show that an injury occurred in the course of and as a result of employment. Mr. Whitman, a former employee for VFP Fire Systems Inc., allegedly injured his lower back at work. The evidence introduced during the litigation showed that Mr. Whitman had previously suffered from lower back issues, and he did not file a claim immediately after the alleged injury. Instead, he worked full-time and even overtime. Mr. Whitman was uncertain as to when the injury occurred. An age of the injury report stated that Mr. Whitman's current symptoms were caused by pre-existing degenerative disc disease. Because Mr. Whitman did not meet his burden of proof to show that an injury occurred, it was proper for his claim to be denied. Because Mr. Whitman could not show that an injury occurred, a neurological consultation for the same was also properly denied.

Mr. Whitman sought medical treatment with Joseph Marinacci, D.C., at Teays Valley Chiropractic, LLC, for issues with his lower back on September 2, 2015. Mr. Whitman stated to Dr. Marinacci that he was tightening bolts on a fire water line when he experienced lower back pain. It was noted that Mr. Whitman had regressed and exacerbated his lower back condition since his last visit. From September 2, 2015, through November 2, 2015, Mr. Whitman was treated at Teays Valley Chiropractic, LLC, a number of times with pain in his lower back. A lumbar spine x-ray revealed minimal levoscoliosis of the lumbar spine. There was mild lipping of the vertebral bodies and sclerosis of the facet joints. There was no acute fracture seen. An MRI of the lumbar spine revealed L4-L5 grade 1 posterior listhesis, diffuse disc osteophyte complex, and superimposed left paracentral to left foraminal disc protrusion with eight millimeters of inferior migration of the protrusion in the left paracentral zone. The transiting left L5 nerve was likely impinged by the disc protrusion. There was moderate bilateral foraminal

1

stenosis, multilevel foraminal stenosis, mild to moderate spinal canal stenosis at L2-L3, and a component of congenitally short pedicles, which likely contributed to the narrowing.

On October 23, 2015, Mr. Whitman filled out a report of injury stating that he was tightening up bolts on a flange when he experienced lower back pain on September 28, 2015. Dr. Marinacci signed the application indicating that Mr. Whitman first sought treatment on September 2, 2015. On November 9, 2015, Dr. Marinacci requested authorization for a neurosurgical consultation as he believed Mr. Whitman was regressing and the treatment he was providing was only giving momentary relief. The claims administrator rejected the claim and denied a request for medical treatment. On November 23, 2015, Mr. Whitman underwent a left-sided L4-5 hemilaminectomy and microdiscectomy. A month later, Mr. Whitman was seen by Dwight Saulle, M.D., at St. Mary's Neurosurgery, LLC, for a follow-up. Dr. Saulle stated that while Mr. Whitman does have degenerative changes in his spine, he believed the acute disc herniation was related to his work injury.

Mr. Whitman testified in a deposition and stated that a coworker was holding back the bolts and he was tightening them when he felt a pop in his back. Mr. Whitman stated that he told his superintendent, Paul Wanger, that he hurt his back and Mr. Wanger gave him Advil. Mr. Whitman sought treatment with Dr. Marinacci on September 2, 2015. He testified that he had seen Dr. Marinacci a year to a year and a half before for back pain after stepping out of a truck at a job site. After his injury, he saw Dr. Marinacci three days a week until he had surgery on November 23, 2015. Mr. Whitman stated that Mr. Wanger knew he was hurt because he got him the Advil and knew that he was seeing a chiropractor. He also stated that he told his coworker, Travis Samples, that he hurt his back. He stated that he waited to file his claim because he was unaware of the severity of his injury until surgery was recommended. Mr. Whitman testified that he last worked for VFP Fire Systems Inc. on September 11, 2015. However, he worked counter sales for Bridgeport Equipment from September 15, 2015, through approximately September 24, 2015, until his pain forced him to quit. He testified that he has not worked anywhere since. On cross-examination, he testified that he was still working for VFP Fire Systems Inc., when he applied for the job at Bridgeport Equipment. He stated that he was trying to find a job with less hours. When asked if the date of injury noted on the application for benefits of September 28, 2015, was correct. Mr. Whitman testified that he had treated with Dr. Marinacci about a year to a year and a half earlier, and he had treated with a chiropractor when he was about twenty-six years old, but he could not remember the doctor's name. Mr. Whitman stated that, aside from normal stiffness, he had no problems with his back prior to September 28, 2015. On re-direct, Mr. Whitman testified that he mistakenly put September 28, 2015, on the claim form and that he was actually injured a few days before he saw Dr. Marinacci on September 2, 2015.

In a note to his attorney, Mr. Whitman stated that the date he put down on the claim form, September 28, 2015, was incorrect. He stated that the correct date of injury was August 28, 2015.

Jonathan Luchs, M.D., opined in his age of the injury report, that all of the findings on the images were chronic in nature. Vanessa Peterson, a safety coordinator for VFP Fire Systems Inc., stated that Mr. Whitman's wage report showed that he worked sixty-eight hours during the week ending September 4, 2015, and forty hours on the week ending on September 11, 2015.

She further stated that she had personal knowledge that Mr. Whitman voluntarily terminated his employment on September 11, 2015, to begin work with Bridgeport Equipment.

VFP Fire Systems Inc., by Jeffery B. Carder and Jeffery B. Brannon, its attorneys, argued before this Court that the evidence showed that his symptoms were caused by a pre-existing condition any not an acute injury. Mr. Whitman, by Patrick K. Maroney, his attorney, argued that any confusion over the date of injury was a clerical error and the evidence shows that his symptoms were due to an acute injury that occurred at work.

The Office of Judges determined that Mr. Whitman failed to meet his burden of proof to show that a compensable injury occurred. The Office of Judges found that there were several discrepancies in the dates of injury, and Mr. Whitman failed to file his claim for two months after the injury. During those two months, Mr. Whitman worked full-time and voluntarily left his job to pursue employment with another employer. In addition, the Office of Judges found that Mr. Whitman suffers from pre-existing back issues for which he had recently received treatment. The Office of Judges determined that since no compensable injury occurred, it was proper to deny Mr. Whitman's request for a neurosurgical consultation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. After review, we agree with the findings of the Office of Judges as affirmed by the Board of Review.

Because the facts and legal arguments are adequately presented and the decisional process would not be significantly aided by oral argument, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. We find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3